## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No.  09-cv-02768-REB-MJW

HEATHER DAVIS,

      Plaintiff,

v.

KUTAK ROCK, LLP,

      Defendant.

---

## ORDER RE: ATTORNEY'S LIEN

---

**Blackburn, J.**

This matter is before me on the following: (1) the lien claimant's **Motion for Enforcement of Attorney's Lien** [#75][1] filed April 7, 2011; and (2) the **Plaintiff's Objection to Review of Motion for Enforcement of Attorney's Lien for Lack of Subject Matter Jurisdiction, Or, in The Alternative, Request to Recuse Judge Watanabe from Review Of Motion to Enforce Attorney's Lien and Related Actions Pursuant to 28 U.S.C. § 455(b)(1)** [#81] filed April 22, 2011.  The plaintiff filed a response [#82] to the motion to enforce, the lien claimant filed a combined reply in support of her motion and response to the plaintiff's objection [#86], and the plaintiff filed a combined reply and response [#87].  I grant the claimant's motion to enforce and deny the plaintiff's motion.

The motion to enforce [#75] was referred [#76] to United States Magistrate Judge

---

[1] "[#75]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Michael Watanabe.  Reviewing the docket in this case, I conclude that it would be most

efficient for the court to rule on the two pending motions listed above in one order.

Thus, after consulting with Judge Watanabe, I withdraw the reference [#76] of the

motion to enforce [#75].

## I.  JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1367 (supplemental).

## II.  ANALYSIS

The above captioned case is an employment discrimination case brought by the

plaintiff, Heather Davis, against her former employer, Kutak Rock, LLP, and two

individual defendants.  In her complaint, the plaintiff asserted employment discrimination

claims under Title VII and several claims under Colorado law.  *Third Amended*

*Complaint and Jury Demand* [#24] filed March 31, 2010.  Ultimately, the plaintiff and the

defendants reached a settlement and filed a stipulated motion [#65] to dismiss this

case.  The motion was granted.

The lien claimant, Diane S. King, of King and Greisen, LLP, is an attorney who

represented Ms. Davis when Ms. Davis filed a charge of discrimination with the Equal

Employment Opportunity Commission (EEOC).  The EEOC charge concerned the same

alleged employment discrimination at issue in the plaintiff's complaint in this case.

Shortly after this case was filed, Ms. King filed a **Notice of Lien** [#5].  In the notice Ms.

King states that she previously was counsel to Ms. Davis "concerning Ms. Davis' claims

for violation of her civil rights and termination from employment, which matters

reference claims connected with this litigation.  While a client of King & Griesen, LLP,

she [Ms. Davis] incurred attorneys fees and expenses due to the firm under her fee

agreement in the unpaid amount of $18,855.21."  *Notice* [#5], p. 1.  After the plaintiff

agreed to a settlement with the defendants, the amount claimed in the **Notice of Lien** was deposited in the court registry.  In her present motion, Ms. King seeks an order enforcing her attorney's lien against the funds in the court registry.

Ms. Davis objects to the enforcement of the lien on four bases.  First, Ms. Davis asserts that Ms. King failed to comply with the duty to confer stated in D.C.COLO.LCivR 7.1.A.  I disagree.  The e-mail exchanges reflected in the attachment to Ms. Davis' response [#82] demonstrate Ms. King's satisfactory effort to confer with Ms. Davis before filing the motion to enforce the attorney's lien.  At the time Ms. Davis was not represented by counsel in this case.  however, Ms. Davis is an attorney.

Second, Ms. Davis contends that an attorney's lien is not proper in this case because Ms. King never represented Ms. Davis in this case.  It is undisputed that Ms. King never entered an appearance in this case.  Under §12-5-119, C.R.S., an attorney has lien rights when she has "obtained or assisted in obtaining, in whole or in part" relief for the client.  "An attorney's lien attaches automatically to any monies or property due or owing to the client on any underlying judgment the attorney may have obtained or assisted in obtaining . . . ."  ***Gold v. Duncan Ostrander & Dingess, P.C.***, 143 P.3d 1193 (Colo. App. 2006).

Even though Ms. King did not personally appear in this case, her lien is based on work done in this lawsuit.  Of course, the filing of an EEOC charge is a jurisdictional prerequisite to a Title VII lawsuit in federal court.  ***Shikles v. Sprint/United Management Co.***, 426 F.3d 1304, 1317 (10th Cir. 2005). Ms. King's representation of Ms. Davis in filing Ms. Davis' EEOC charge provided the foundation without which Ms. Davis could not have filed this lawsuit.  In part, Ms. King obtained or assisted in obtaining the relief ultimately achieved by Ms. Davis.  Ms. King has a valid attorney's

lien under §12-5-119, C.R.S.  *Garrick v. Weaver*, 888 F.2d 687, 690 (10th Cir. 1989).

Third, Ms. Davis contends that the court does not have jurisdiction over the issue of the propriety of the attorney's lien.  I disagree.  In the context of an attorney's lien dispute, a federal court does not have jurisdiction to adjudicate the amount of attorney fees owing to the attorney "with respect to matters unrelated to litigation before the court."  *Jenkins v. Weinshienk*, 670 F.2d 915, 919 (10th Cir. 1982).  However, "(d)etermining the legal fees a party to a lawsuit properly before the court owes its attorney with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction."  *Id*. at 918.  Ancillary jurisdiction now is referred to as supplemental jurisdiction.  *Ellis v. All Steel Const., Inc.*, 389 F.3d 1031, 1034 (10th Cir. 2004); 28 U.S.C. § 1367.  For the reasons discussed above, I conclude that Ms. King's representation of Ms. Davis with regard to Ms. Davis' EEOC charge constitutes work done in this lawsuit.

Fourth, Ms. Davis argues that Ms. King's lien is barred by the applicable statute of limitations.  Again, I disagree.  Ms. Davis contends that the three year period of limitations stated in §13-80-101(1)(a), C.R.S., applies here.  That subsection concerns "(a)ll contract actions, including personal contracts . . .except as otherwise provided in section 13-80-103.5."  Section 13-80-103.5(a), C.R.S., provides a six year period of limitations for "(a)ll actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action . . . ."  The latter statute applies to Ms. King's attorney fees claim against Ms. Davis.  *Rotenberg v. Richards*, 899 P.2d 365, 368 (Colo. App. 1995).  Ms. King's effort to enforce her attorney's lien is timely.

An attorney's lien attaches only "to the extent of the attorneys' reasonable fees remaining due and unpaid."  *Gold v. Duncan Ostrander & Dingess, P.C.*, 143 P.3d

1193 (Colo. App. 2006).  The current record does not contain information sufficient for the court to determine the amount of reasonable attorney fees tied to Ms. King's lien. Under D.C.COLO.LCivR 54.3, I direct Ms. King to file with the court a motion seeking a specific amount of reasonable attorney fees.  After Ms. Davis has had an opportunity to respond, I will determine the reasonable amount of attorney fees secured by Ms. King's attorney's lien.  If Ms. King establishes a reasonable amount of attorney fees tied to the attorney's lien, I will direct enforcement of the lien against the funds currently held in the court registry in that amount.

**THEREFORE, IT IS ORDERED** as follows:

1.  That after consulting with the magistrate judge, I **WITHDRAW** the reference [#76] of the lien claimant's **Motion for Enforcement of Attorney's Lien** [#75] filed April 7, 2011;

2.  That the lien claimant's **Motion for Enforcement of Attorney's Lien** [#75] filed April 7, 2011, is **GRANTED** on the terms stated in this order;

3.  That on or before April 12, 2012, the lien claimant, Diane King, **SHALL FILE** a motion seeking a specific amount of reasonable attorney fees secured by her attorney's lien in this case;

4.  That Ms. King's motion **SHALL COMPLY** with the requirements of D.C.COLO.LCivR 54.3;

5.  That on or before May 2, 2012, the plaintiff, Heather Davis, **MAY FILE** a response to the motion;

6.  That the **Plaintiff's Objection to Review of Motion for Enforcement of Attorney's Lien for Lack of Subject Matter Jurisdiction, Or, in The Alternative, Request to Recuse Judge Watanabe from Review Of Motion to Enforce Attorney's**

**Lien and Related Actions Pursuant to 28 U.S.C. § 455(b)(1)** [#81] filed April 22,

2011, is **DENIED**.

Dated March 22, 2012, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge