**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-02768-REB-MJW

HEATHER DAVIS,

    Plaintiff,

v.

KUTAK ROCK, LLP,

    Defendant.

**ORDER CONCERNING MOTION FOR ATTORNEY FEES**

**Blackburn, J.**

This matter is before me on the following: (1) **Lien Claimant's Motion for Attorney's Fees and Costs** [#89][1] filed April 12, 2012; (2) **Plaintiff's Motion to Reconsider Court's March 22, 2012 Order** [#91] filed May 2, 2012; and (3) **Motion to Strike Lien Claimant's Reply in Support of Motion for Attorney's Fees** [#100] filed June 11, 2012. The parties filed responses [#90, #93, & #101] and replies [#98, #99, & #102] addressing each motion. I grant the motion for attorney fees in part and deny it in part. I deny the plaintiff's motion to reconsider and motion to strike.

## I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1367 (supplemental).

## II. BACKGROUND

This case is an employment discrimination case brought by the plaintiff, Heather

---

[1] "[#89]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Davis, against her whilom employer, Kutak Rock, LLP, and two individual defendants. In her complaint, the plaintiff asserted employment discrimination claims under Title VII and several claims under Colorado law.  *Third Amended Complaint and Jury Demand* [#24] filed March 31, 2010.  Ultimately, the plaintiff and the defendants reached a settlement and filed a stipulated motion [#65] to dismiss this case.  The motion was granted.

The lien claimant, Diane S. King, of King and Greisen, LLP, is an attorney who represented Ms. Davis when Ms. Davis filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against Kutak Rock.  The EEOC charges concerned the same alleged employment discrimination at issue in the plaintiff's complaint in this case.  Shortly after this case was filed, Ms. King filed a **Notice of Lien** [#5].  In the notice, Ms. King states that she was erstwhile counsel to Ms. Davis "concerning Ms. Davis' claims for violation of her civil rights and termination from employment, which matters reference claims connected with this litigation.  While a client of King & Griesen, LLP, she [Ms. Davis] incurred attorneys fees and expenses due to the firm under her fee agreement in the unpaid amount of $18,855.21."  **Notice** [#5], p. 1.  After the plaintiff agreed to a settlement with the defendants, the amount claimed in the **Notice of Lien** was deposited in the court registry.  Ms. King seeks an order enforcing her attorney's lien against the funds in the court registry.

### III.  MOTION TO RECONSIDER

In a previous order [#88], I addressed Ms. Davis' contention that Ms. King's efforts to enforce her attorney's lien are barred by the applicable statute of limitations.

Citing Colorado case law, I concluded that Ms. King's efforts to enforce her attorney's lien are not barred. In her present motion, Ms. Davis argues that I misapplied the relevant Colorado case, **Rotenberg v. Richards**, 899 P.2d 365, 368 (Colo. App. 1995).

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

**Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Ms. Davis appears to argue that my earlier ruling constitutes clear error or manifest injustice. I disagree. Plausibly, one can apply the holding in **Rotenberg v. Richards**, 899 P.2d 365, 368 (Colo. App. 1995) to the issues in this case in more than one way. However, I conclude that my original interpretation of that case, as applied to this case, is correct. Thus, Ms. Davis's motion to reconsider is denied.

### IV. MOTION TO STRIKE

In her motion to strike [#100], Ms. Davis contends that Ms. King improperly filed a reply in support of Ms. King's motion for attorney fees [#89]. First, Ms. Davis argues that this court did not grant Ms. King a right to file a reply. However, the local rules of this court provide for the filing of a reply in response to any motion properly filed with the court. D.C.COLO.LCivR 7.1.C. Next, Ms. Davis argues that Ms. King improperly

submitted new material in her reply. This material was presented to address contentions Ms. Davis raised in her response to the motion for attorney fees. Thus, Ms. King's reply is appropriate.

Finally, citing the Privacy Act, Ms. Davis claims Ms. King improperly submitted a copy of the plaintiff's EEOC charge as part of Ms. King's reply. EEOC charges do bear some confidentiality protections. In her reply, Ms. Davis concedes that the Privacy Act does not apply to Ms. King. Ms. Davis argues instead that Ms. King had no right to retain Ms. Davis's file after Ms. King no longer represented Ms. Davis. I note that there is no prohibition against an attorney's retention of a copy of a client file after the attorney client relationship is terminated. There is no indication that Ms. King refused to give her file to Ms. Davis on Ms. Davis's request. In short, Ms. Davis's contentions do not establish that the reply must be stricken.

### IV.  MOTION FOR ATTORNEY FEES

Ms. King represented Ms. Davis when Ms. Davis was addressing a substantial conflict with Ms. Davis's former employer. Ms. King represented Ms. Davis when Ms. Davis filed charges of employment discrimination and related charges with the EEOC. Ms. King did not represent Ms. Davis when the above-captioned case was filed or at any time after the above-captioned case was filed. In her motion for an award of attorney fees, Ms. King seeks to recover attorney fees Ms. King says she earned while representing Ms. Davis before the EEOC and while investigating issues relevant to the EEOC charges ultimately filed by Ms. Davis.

Ms. King seeks to enforce an attorney's lien created by Colorado law. Thus, I apply the Colorado standard that guides a determination of reasonable attorney fees.

Under Colorado law, the initial estimate of a reasonable attorney fee is reached by calculation of the lodestar amount.  ***Spensieri v. Farmers Alliance Mutual Insurance Co.***, 804 P.2d 268, 270 (Colo. App. 1990); ***Tallitsch v. Child Support Services, Inc.***, 926 P.2d 143, 147 (Colo. App. 1996).  The lodestar is equal to the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate.  ***Id***.  The lodestar carries a strong presumption of reasonableness.  ***Id***.   In addition to the lodestar amount, the court also may consider the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, and awards in similar cases.  ***Spenseri***, 804 P.2d at 271; ***Tallitsch***, 926 P.2d at 147. The federal standard for determining a reasonable attorney fee is essentially the same.  ***See, e.g., Hensley v. Eckerhart***, 461 U.S. 424, 433 (1983);  ***Homeward Bound, Inc. v. Hissom Memorial Ctr.***, 963 F.2d 1352, 1355 (10th Cir. 1992); ***Blum v. Stenson***, 465 U.S. 886, 895 (1984).  Although the setting of a reasonable hourly rate is within the district court's discretion, it should "reflect the 'prevailing market rates in the relevant community.'" ***Jane L. v. Bangerter,*** 61 F.3d 1505, 1510 (10th Cir. 1995) (***quoting Blum v. Stenson***, 465 U.S. 886, 895 (1984)).

Ms. King seeks a total award of 17,998.95 dollars for unpaid attorney fees and costs.  Ms. Davis challenges Ms. King's request on every front.  Ms. Davis argues that Ms. King has not demonstrated that her hourly rate for work done in 2007, $300 per hour, is reasonable.  Ms. Davis argues that only 5.1 hours of work by Ms. King was related to the filing of Ms. Davis's EEOC charges, and the balance of the work billed by Ms. King is unrelated to this case or proceedings before the EEOC.

I conclude that Ms. King's hourly rate of $300 per hour for work done in 2007 is reasonable for an attorney with her level of experience.[2]  The key issue is whether the hours billed by Ms. King are both reasonable and tied to Ms. Davis's ability ultimately to obtain relief in this case.  As Ms. Davis notes, some of the time billed by Ms. King was tied to allegations by Ms. Davis's former employer that Ms. Davis had committed ethical misconduct.  Ms. Davis is an attorney and her former employer's allegations had an impact or potential impact on Ms. Davis's license to practice law in Arizona.  Ms. King contends that her work on the attorney ethics issues all was directly relevant to the EEOC charges Ms. King filed on behalf of Ms. Davis.  To a significant extent, these two issues are related.  It appears, however, that the ethics issues were, to some extent, separate from the EEOC issues.

Given these circumstances, the court is left to find a way to award reasonable attorney fees reasonably tied to the investigation and filing of EEOC charges on behalf of Ms. Davis, and other work concatenated to the EEOC proceedings.  Such an award *per force* must exclude work done by Ms. King related to Ms. Davis's attorney ethics proceedings or potential proceedings, but not related directly to proceedings before the EEOC.  Given the record in this case – and is often the case – it is not possible to make that division with surgical precision.

Of course, it is Ms. King's burden to establish that the fees she seeks are reasonable and are related to this case.  To the extent there is doubt about the reasonableness of any of the fees claimed, those doubts must be resolved against Ms.

---

[2]  A small amount of time was billed by an associate attorney of Ms. King's and by a paralegal. The associate's hourly rate of $150 per hour and the paralegal's rate of $80 per hour are reasonable.

King. As I concluded previously in this case, the filing of an EEOC charge is a jurisdictional prerequisite to a Title VII lawsuit in federal court. ***Shikles v. Sprint/United Management Co.***, 426 F.3d 1304, 1317 (10th Cir. 2005). Because the EEOC proceedings were a necessary foundation to Ms. Davis's ability to pursue and employment discrimination claim in this case, Ms. King's work on the EEOC charges reasonably is tied to this case.

Having reviewed Ms. King's billing records, the other exhibits submitted by the parties, and the arguments of the parties, I conclude that it is reasonable to award to Ms. King attorney fees for eighty per cent (80%) of the hours she billed on work for Ms. Davis. The record demonstrates that, at minimum, eighty per cent (80%) of Ms. King's work was tied directly to the investigation and filing of EEOC charges on behalf of Ms. Davis and to proceedings before the EEOC. I award Ms. King 14,399 dollars in attorney fees and 14.95 dollars in costs. The total award – attorney fees and costs – is 14,414 dollars.

## CONCLUSION & ORDERS

There is no basis on which to grant the plaintiff's motion to reconsider or her motion to strike. Those motions are denied. The motion for attorney fees and costs is granted in part and denied in part consistent with the foregoing findings and conclusions.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion to Reconsider Court's March 22, 2012 Order** [#91] filed May 2, 2012, is **DENIED**;

2. That the **Motion to Strike Lien Claimant's Reply in Support of Motion for Attorney's Fees** [#100] filed June 11, 2012, is **DENIED**;

3. That the **Lien Claimant's Motion for Attorney's Fees and Costs** [#89] filed April 12, 2012, is **GRANTED** in part;

4. That the lien claimant, Diane S. King of King & Griesen, LLP, is **AWARDED** attorney fees and costs of 14,414 dollars ($14,414);

5. That the attorney lien of Diane S. King may be enforced against funds currently held in the court registry and tethered to the claimants **Notice of Lien** [#5]; and

6. That otherwise, the **Lien Claimant's Motion for Attorney's Fees and Costs** [#89] filed April 12, 2012, is **DENIED**.

Dated March 25, 2013, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge